IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:13-965-JFA |
| ) | |
| v.      ) | ORDER |
| ) | ON MOTION IN LIMINE |
| MICHAEL RAY MCINTOSH ) | |
| ) | |
| _____ ) | |

At a pretrial conference conducted on August 14, 2014, the government indicated that it wished to produce testimony regarding an investigation by the South Carolina Department of Social Services ("DSS") relating to the defendant's minor child. During this investigation, the child revealed to a social worker that her father, the defendant in this case, had "three big guns and two small guns" in his residence. This information eventually was passed on to law enforcement authorities who then obtained a search warrant for the camper/trailer occupied by the defendant. This search produced the weapons and ammunition the subject of this criminal case. Significantly, the defendant has not challenged the legitimacy of the search.

When the court raised the issue at the pretrial conference, Jimmy Rogers, representing the defendant, indicated that he would object to the evidence used to establish probable cause for the issuance of the search warrant, including the statement by the minor child. After hearing argument from both sides, the court took the matter under advisement. For the reasons that follow, the court sustains the defense objection and disallows evidence regarding the issuance of the search warrant.

1

In a case where there is no challenge to the search warrant that produces fruits of a crime, this court's standard practice is to instruct the jury that the search was lawful and that the jury should not concern itself with the legitimacy of the search.  For this reason, the evidence that established probable cause for the judicial officer to issue the search warrant in this case is not relevant.

Moreover, and more importantly, even if the information were relevant, the court exercises its discretion to exclude the evidence under Rule 403 of the Federal Rules of Evidence.  Whatever probative value the information regarding the issuance of the search warrant might bring to the case is substantially outweighed by the danger of unfair prejudice to the defendant.  Were the jury to learn that the defendant was investigated by DSS, the jury might well surmise that the defendant was being investigated for molesting or otherwise mistreating his minor child.  In fact, after conducting an investigation into allegations of neglect, DSS determined that they were unfounded for physical neglect and physical abuse.  Even if the jury were to learn that the investigation revealed no maltreatment, the mere fact of an investigation might interfere with some jurors' ability to fairly and impartially decide the case.  This court may take judicial notice that the subject of child abuse, in general, and investigations by DSS, in particular, have been the subject of considerable news coverage in South Carolina and substantial debate in the state's General Assembly.

For the foregoing reasons, the court will sustain the defendant's objection to this information being put before the jury.  The court will, however, endeavor to draft a

comprehensive instruction to the jury regarding the legitimacy of the search in an effort to dispel concerns advanced by the government in its argument on the motion in limine.

  IT IS SO ORDERED.

August 15, 2014              Joseph F. Anderson, Jr.
Columbia, South Carolina         United States District Judge